IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEEANN SPELL<br>    *Plaintiff,* | § § § | |
| v. | § § | CIVIL ACTION NO. 3:21-cv-00719 |
| JAMES HATFIELD; DEBRICK TRUCK LINE COMPANY; AND BOWMAN SALES AND EQUIPMENT, INC.<br>    *Defendants.* | § § § § § § | |

### NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS:**

**COME NOW,** Defendants James Hatfield and Debrick Truck Line Company, and hereby petition this Court pursuant to 28 U.S.C. §§ 1332, 1441 (b), and 1446 for removal on the basis of diversity jurisdiction to the United States District Court for the Northern District of Texas, Dallas Division, of the action numbered and styled *Leeann Spell v. James Hatfield; Debrick Truck Line Company; and Bowman Sales and Equipment, Inc.,* Cause No. DC-21-03279, in the 191st Judicial District Court of Dallas County, Texas, (hereinafter the "State Court Case"), and in support thereof would respectfully show this Court as follows:

### I.
### REMOVAL IS TIMELY

1. Defendants James Hatfield and Debrick Truck Line Company were served with *Plaintiffs' Original Petition* ("Petition") on March 17, 2021. This Notice of Removal is filed within thirty (30) days of service of the Petition and is timely filed under 28 U.S.C. § 1446(b).

Defendants James Hatfield and Debrick Truck Line Company seek to remove the matter and are therefore the Removing Defendants.

## II.
## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

2. The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties. Defendants assert that Bowman Sales and Equipment, Inc. was impermissibly joined—through mistake or fraud—and this improper joinder does not destroy federal court's jurisdiction over this matter as the proper parties are diverse in citizenship. Plaintiffs in this action are citizens of a different state from the Defendants, and no Defendant is a citizen of Texas.  Complete diversity exists.

3. Plaintiff Leeann Spell was a citizen of Dallas County, Texas at the time this action was filed. Consequently, Plaintiff Leeann Spell was at the time this action was commenced, and is currently, a citizen of the State of Texas and no other state.

4. Defendant James Hatfield was a citizen of Johnson County, Kansas at the time this action was filed. Consequently, Defendant James Hatfield was at the time this action was commenced, and is currently, a citizen of the State of Kansas and no other state.

5. Defendant Debrick Truck Line Company is incorporated in the State of Kansas with its principal place of business now and at the time the action was commenced, in Paola, Miami County, Kansas.  Therefore, Defendant Debrick Truck Line Company was at the time this action was commenced, and is currently, a citizen of the State of Kansas and no other state.

6. Defendant Bowman Sales and Equipment, Inc. is a Texas corporation that has been fraudulently or mistakenly joined to destroy diversity of citizenship.  On Page 3, Section V of *Plaintiff's Original Petition*, Plaintiff alleges that Defendant James Hatfield was the operator of an 18-wheeler [tractor-trailer] while under the course and scope of his employment with Defendant

Debrick Truck Line Company. Then on page 4, Section B of *Plaintiff's Original Petition*, Plaintiff either fraudulently or mistakenly alleges and refers to Defendant as "Defendants Debrick Truck Line Company Bowman Sales and Equipment, Inc." Defendant Bowman Sales and Equipment, Inc. is a separate entity. Plaintiff has either mistakenly or fraudulently sued Defendant Bowman Sales and Equipment, Inc., and joined as a party in order to destroy diversity of citizenship.[1]

7. The joinder of Bowman Sales and Equipment, Inc. is fraudulent as there is no real connection in the subject matter of Plaintiffs' claims against Defendants James Hatfield and Debrick Truck Line Company.

8. There is no possibility that Plaintiffs will be able to establish a cause of action against Bowman Sales and Equipment, Inc., as it is an improper party, not connected to the incident that gave rise to this lawsuit. Defendant Bowman Sales and Equipment, Inc., is an improper party and as such its citizenship is irrelevant and should be disregarded. *See Tedder v. F.M.C. Corp.,* 590 F.2d 115, 117 (5th Cir. 1979) (stating that if the claim against a local defendant is deemed fraudulent, lack of diversity will not prevent removal). Therefore, complete diversity exists.

### III.
### SNAP REMOVAL PURSUANT TO 28 U.S.C. 1441(b)(2)

9. Alternatively, district courts of the United States also have original jurisdiction over this action based on diversity of citizenship among the parties when an out-of-state defendant removes a state court case to federal court before an in-state Defendant is properly joined and served pursuant to the plain language in 28 U.S.C. § 1441(b)(2).

---

[1] Federal Courts use a myriad of tests to determine if diversity jurisdiction exists when claims of fraudulent joinder are alleged. The most widely used is the "No Possibility Test" requiring the removing party to show "either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court[,] or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir. 1981).

10. The U.S. Court of Appeals for the Fifth Circuit has affirmed the use of "snap removal" by an out-of-state defendant to remove a state court case to federal court before service is effectuated on in-state defendants. Normally, under the *local defendant* rule, removal to federal court is not permitted where a defendant is a citizen of the forum state. Relying on the plain language of 28 U.S.C. § 1441(b)(2), which limits the forum defendant rule to parties "properly joined and served," the U.S. Court of Appeals for the Fifth Circuit in *Texas Brine Company, L.L.C. v. American Arbitration Association, Inc.*, (5th Cir. Apr. 7, 2020), held that an out-of-state defendant served with process can immediately remove to federal court before in-state defendants are served. In *Texas Brine*, the Fifth Circuit eliminated all doubt when it expressly held that as long as all other prerequisites to removal are met, a non-forum defendant may remove a case so long as the forum defendant is not yet "properly joined and served" at the time of removal. *Id.*

11. Therefore, in the present case, Defendant Bowman Sales and Equipment, Inc. has not yet been "properly joined and served," and therefore Defendants James Hatfield and Debrick Truck Line Company may remove the case to federal court since all other prerequisites for removal have been met.

## IV.
## AMOUNT IN CONTROVERSY

12. In addition to complete diversity of citizenship, the complaint must meet this Court's $75,000.00 jurisdictional threshold. 28 U.S.C. § 1446(C)(2)(A). The method for properly asserting the amount in controversy are outlined in section 1446 of the United States Code. 28 U.S.C § 1446. First, the Notice of Removal may assert the amount in controversy, if the initial pleadings were not required to include a specific monetary demand or permit damages in excess of the pleadings. *Id.* § 1446(C)(2)(A). Second, removal is proper upon showing by the preponderance of the evidence that the amount in controversy exceeds this Courts $75,000.00

threshold. *Id.* § 1446(C)(2)(B). Further, parties may rely on an estimation of damages calculated from the allegations in the complaint to prove the amount in controversy. *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008); *Meridian Sec. Ins. v. Sadowski,* 441 F.3d 536, 541 (7th Cir. 2006); *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999). Once a defendant satisfies its burden, any plaintiff wanting to remand the cause to back to state court must prove to a legal certainty that, if successful, it would not be able to recover more than the jurisdictional amount. *See McPhail,* 529 F.3d at 955.

13. A review of the Plaintiffs' Original Petition in the instant case clearly shows that the alleged damages easily exceed $75,000.00. *Plaintiffs' Original Petition* alleges that "Plaintiff seeks monetary relief of over $250,000.00, but not more than $1,000,000.00." (Pls. Orig. Pet., pg. 1, ¶ 2). Plaintiff claims the following damages: physical pain and suffering in the past and future; mental anguish in the past and future; physical impairment in the past and future; property damage and loss of use of Plaintiff's vehicle; lost wages in the past and loss of earning capacity in the future; and medical expenses in the past and future. (Pls. Orig. Pet., pg. 5, ¶ 7). Based on Plaintiffs' claimed damages, it is clear that Defendants will be subjected to exposure beyond the $75,000.00 jurisdictional threshold of this Court. Plaintiff has therefore affirmatively pled monetary relief sought over $250,000.00. (Pls. Orig. Pet., pg. 1, ¶ 2).

14. Defendants assert that the amount in controversy in this matter exceeds the $75,000.00 threshold exclusive of interests and costs. *See* 28 U.S.C. § 1332(a). As plead the amount in controversy in this case is in excess of $250,000.00. (Pls. Orig. Pet., pg. 1, ¶ 2).

## V.
## **PROCEDURAL REQUIREMENTS**

15. Removal of this action is proper under 28 U.S.C. § 1441, since it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. § 1332 because Plaintiff Leeann Spell and Defendants James Hatfield and Debrick Truck Line Company are diverse in citizenship.

16. Defendant Bowman Sales and Equipment, Inc., has not been properly joined and served as of the date of filing this Removal, therefore the Removing Defendants do not have to seek that entities consent or joinder. 28 U.S.C. § 1446(b)(2)(A).  Defendant Bowman Sales and Equipment, Inc., was fraudulently or mistakenly joined to destroy diversity and its consent is not required. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.1993); *see also Rico v. Flores*, 481 F.3d 234, 239 (5th Cir.2007).  Alternatively, should this Court conclude that Defendant Bowman Sales and Equipment, Inc. was not fraudulently or mistakenly joined to destroy diversity, then removal is still appropriate under the plain language of 28 U.S.C. § 1441(b)(2), which limits the forum defendant rule to parties "properly joined and served," the U.S. Court of Appeals for the Fifth Circuit in *Texas Brine Company, L.L.C. v. American Arbitration Association, Inc.*, (5th Cir. Apr. 7, 2020).

17. By virtue of filing this Notice of Removal, the Removing Defendants do not waive their right to assert any motions to transfer venue or dismiss, including any F.R.C.P. Rule 12 motions, permitted by the applicable Federal Rules of Civil Procedure.

18. All of the papers on file in the State Court case at the time of removal are attached hereto as Exhibit 2.  Those papers include copies of the Court's Docket Sheet and Plaintiffs' Original Petition.

19. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

20. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the Court Clerk of the 191st Judicial District Court of Dallas County, Texas promptly after the filing of this Notice.

## VI.
## PRAYER FOR RELIEF

**WHEREFORE**, James Hatfield and Debrick Truck Line Company, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, remove this action for trial from the 191st Judicial District Court of Dallas County, Texas to this Court, on the 29TH day of March, 2021.

Respectfully submitted,

By: /s/ *David L. Sargent*
**DAVID L. SARGENT**
State Bar No. 17648700
david.sargent@sargentlawtx.com
**GERARDO E. ALCANTARA**
State Bar No. 24109569
jerry.alcantara@sargentlawtx.com

**SARGENT LAW, P.C.**
1717 Main Street, Suite 4750
Dallas, Texas 75201-7346
Telephone: (214) 749-6000
Facsimile: (214) 749-6100

**ATTORNEYS FOR DEFENDANTS
JAMES HATFIELD AND DEBRICK
TRUCK LINE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on the 29TH day of March 2021, a true and correct copy of the above and foregoing instrument was forwarded to the following counsel via certified mail return receipt requested:

Lauren Jobin
Shelly Greco
WITHERITE LAW GROUP, PLLC
10440 N. Central Expressway, Suite 400
Dallas, Texas 75231-2228

                /s/ *David L. Sargent*
                **DAVID L. SARGENT**